MILLER & MARTIN PLLC
Jennifer B. Robinson (SBN 148333)
jrobinson@millermartin.com
Tara L. Presnell (SBN 234123)
tlpresnell@millermartin.com
1200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2433
Telephone:   615-244-9270
Facsimile:   615-256-8197

Attorneys for Defendant
OLAN MILLS, INC.

E-filing

FILED
2011 APR 14 P 2: [illegible]
RICHARD W. [illegible]
CLERK, U.S. [illegible]
[illegible]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL J. FULCHER, an individual, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLAN MILLS, INC.; and Does I through 50,<br><br>Defendants. | Case No. CV 11-1821 EDL<br>State Court Case No. RG11562275<br><br>**OLAN MILLS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332**<br>**(CLASS ACTION)**<br><br><u>Accompanying Documents</u>: Declarations of Jennifer B. Robinson and Don Wilson |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant OLAN MILLS, INC. ("Olan Mills") hereby removes to this Court the state court action described below, and states that removal is proper for the reasons set forth below:

- 1 -

## I. JURISDICTION

1. This action is a civil action which may be removed to this Court pursuant to 28 U.S.C. § 1332(c)(1) in that Plaintiff and the putative Class are citizens of a State different from any defendant, and the matter in controversy exceeds the sum of $75,000.00, excluding interest and costs.

## II. INTRADISTRICT ASSIGNMENT

2. Plaintiff filed the Complaint in the Superior Court of California, County of Alameda. Therefore, assignment to the San Francisco Division or Oakland Division of the United States District Court, Northern District of California, is proper under Civil L.R. 3-2(c).

## III. ALLEGATIONS

3. Plaintiff filed this lawsuit on February 22, 2011. (**Exhibit A** to the Declaration of Jennifer B. Robinson ("Robinson Decl.").) Olan Mills was served a copy of the Complaint on March 17, 2011. (**Exhibit A** to the Robinson Decl.) All process, pleadings, papers and orders served on Defendant are attached as **Exhibit A** to the Robinson Decl. This notice of removal is timely within the meaning of 28 U.S.C. § 1446(b), as thirty ("30") days have not elapsed since service of the Complaint on Olan Mills.

4. Plaintiff Ariel J. Fulcher ("Plaintiff") brought this action on behalf of himself, individually, and as a class action "on behalf of a class consisting of all non-exempt, hourly employees who worked for OLAN MILLS in California" during the four (4) years prior to the filing of the Complaint. (Complaint at ¶ 11, attached as **Exhibit A** to the Robinson Decl.) Plaintiff alleges that he and the putative Class were not paid for hours worked in excess of eight (8) in a workday and forty (40) in a workweek, that Olan Mills failed to provide mandatory meal breaks, and that it systematically forced employees to work off the clock. (Complaint at ¶¶ 8, 9,

attached as **Exhibit A** to the Robison Decl.) Plaintiff alleges violation of California Business and Professions Code §§ 17200 *et seq.*, California Labor Code §§ 510, 1194, 1198 and 226. (*See generally*, Complaint, attached as **Exhibit A** to the Robinson Decl.)

5. Plaintiff states that at all relevant times mentioned in the Complaint he resided in California. (Complaint at ¶ 7, attached as **Exhibit A** to the Robinson Decl.) Therefore, Plaintiff is a citizen of the State of California. Plaintiff defines the putative class "all non-exempt, hourly employees who worked for OLAN MILLS *in California*...." (Complaint at ¶ 11, attached as **Exhibit A** to the Robinson Decl.) (emphasis added). As such, the putative Class members are citizens of California.

6. Plaintiff admits that Olan Mills was incorporated in the State of Delaware and its principal place of business is in Chattanooga, Tennessee. (Complaint at ¶ 4, attached as **Exhibit A** to the Robinson Decl.) Accordingly, Plaintiff and the putative Class are members of a state different from the Defendant.

7. Plaintiff alleges he and the putative Class have sustained damages and are owed money as a result of Olan Mills' alleged misconduct. Specifically, Plaintiff claims that he worked four (4) to eight (8) hours of overtime per day from December 2, 2010 to December 23, 2010. (Complaint at ¶ 7, attached as **Exhibit A** to the Robinson Decl.) He also claims that Olan Mills failed to pay overtime and failed to pay meals and rest breaks for "all non-exempt, hourly employees who worked for Olan Mills" during the "four (4) years prior to the filing of this Complaint and ending on a date as determined by the Court." (Complaint at ¶ 11, attached as **Exhibit A** to the Robinson Decl.)

8. Plaintiff and the putative Class also seeks waiting time penalties under California Labor Code section 203, in an unspecified amount. (Complaint at ¶ 48, attached as **Exhibit A** to

the Robinson Decl.) They additionally claim they are entitled to penalties for violation of California Labor Code section 226(a), violation of the itemized wage statement requirement, which allows for a penalty of up to $4,000.00 per plaintiff and putative Class member. (Complaint at ¶ 53, attached as **Exhibit A** to the Robinson Decl.)

### III.  LEGAL AUTHORITY

9. A district court has subject-matter jurisdiction over cases involving federal law or those where the parties are diverse of citizenship. 28 U.S.C. §§ 1331. In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Where the defendant is a corporation, it will be considered a citizen of both the state where it incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

10. The United States Supreme Court recently held that the "principal place of business" under § 1332(c)(1) is "the place where the corporation's officers direct, control, and coordinate the corporation's activities. It is the place where Court of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination...." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

11. Plaintiff and Defendant are diverse. Plaintiff is a resident of California. (Complaint at ¶ 8, **Exhibit A** to the Robinson Decl.) Defendant was incorporated in the State of Delaware with its principal place of business located in Chattanooga, Tennessee. (Complaint at 4, attached as **Exhibit A** to the Robinson Decl.) Olan Mills' officers direct, control, and coordinate the corporation's activities from the company's corporate office in Chattanooga,

Tennessee. (Declaration of Don Wilson ("Wilson Decl.") at ¶ 2.) For example, all of the Company's corporate officers work out of the Chattanooga office. (Wilson Decl. at ¶ 2.) All hiring and firing decisions come from Human Resources located in Chattanooga. (Wilson Decl. at ¶ 2.) Payroll is processed through the Chattanooga office. (Wilson Decl. at ¶ 2.) Olan Mills' Chattanooga corporate office functions as the Company's headquarters. (Wilson Decl. at ¶ 2.) As such, Olan Mills is a citizen of the State of Tennessee for purposes of diversity under § 1332(c)(1).

12. Finally, the amount in controversy exceeds $75,000. While Plaintiff has not sought a specific damages amount in his Complaint, he is asking for wages for overtime hours worked and premiums for missed meals and rest break for himself and all hourly non-exempt Olan Mills' employees in the State of California for the last four (4) years. (Complaint at ¶ 11, attached as **Exhibit A** to the Robinson Decl.) He also seeks waiting time penalties under California Labor Code section 203, and penalties up to $4,000.00 per plaintiff and putative Class member under California Labor Code section 226(a). (Complaint at ¶¶ 48, 53, attached as **Exhibit A** to the Robinson Decl.) As such, Plaintiff's and the putative Class's lost wages alone would be sufficient to bring the amount in controversy to over $75,000. Waiting penalties and other statutory penalties would certainly increase Plaintiff's damages to well over $75,000 should he and/ or the putative Class prevail at trial.

13. Accordingly, this Honorable Court has original jurisdiction over this suit under 28 U.S.C. §1332.

WHEREFORE, Olan Mills requests that this matter be removed from the Superior Court for the State of California for the County of Alameda to the United States District Court for the Northern District of California.

Respectfully submitted,

MILLER & MARTIN PLLC

DATED: 4/11/11

By: _____
JENNIFER B. ROBINSON
Attorneys for Defendant,
OLAN MILLS, INC.

**PROOF OF SERVICE**

STATE OF TENNESSEE        )
                          )
COUNTY OF DAVIDSON        )

I am employed in the county of Davidson, State of Tennessee. I am over the age of 18 and not a party to the within action; my business address is: 1200 One Nashville Place, 150 Fourth Avenue, North, Nashville, Tennessee 37219-2433.

On _April 14_, 2011, I served the foregoing document described as **DEFENDANT OLAN MILLS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the interested parties listed as follows:

Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037

☐ VIA FAX, I served this document on _____, on the interested parties at the facsimile number(s) listed above.

☒ BY MAIL, I deposited said envelope with postage thereon fully prepaid to be placed in the U.S. mail at Nashville, Tennessee.

☒ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Nashville, Tennessee, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY FEDERAL EXPRESS, I caused such envelope to be deposited for delivery by Federal Express to the offices of the addressee listed above.

☐ BY PERSONAL SERVICE, I caused such envelope to be delivered by hand to the addressee listed above.

☒ STATE    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on _April 14_, 2011, at Nashville, Tennessee.

_Rachel E. McCullough_
Rachel E. McCullough

- 7 -

DEFENDANT OLAN MILLS, INC.'S NOTICE OF REMOVAL
UNDER ACTION 28 U.S.C. § 1332

8267402_1.DOC