**LITTLER MENDELSON**
JENNIFER B. ROBINSON (State Bar No. 148333)
3200 West End Ave., Suite 500
Nashville, TN 37203
Telephone: 615.383.3033
Facsimile: 615.383.3323
E-mail: jenrobinson@littler.com
Attorneys for Defendant
OLAN MILLS, INC.

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar No. 068687)
norm@bamlawlj.com
Kyle R. Nordrehaug (State Bar No. 205975)
kyle@bamlawlj.com
2255 Calle Clara
La Jolla, California 92037
Telephone: (858) 551-1223/Facsimile: (858) 551-1232
Website: www.bamlawca.com
Attorneys for Plaintiff
ARIEL FULCHER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL J. FULCHER, an individual, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OLAN MILLS, INC.; and Does 1 through 50,<br><br>Defendant. | Case No. 3:11-cv-01821-EDL<br><br>~~[PROPOSED]~~ **FINAL APPROVAL ORDER**<br><br>Judge:   Hon. Elizabeth D. Laporte<br>Courtroom:   E, San Francisco |

[PROPOSED] FINAL APPROVAL ORDER
Case No. 3:11-cv-01821-EDL

1. This matter having come before the Court on May 1, 2012 for Final Approval Hearing on the Class Action Settlement Agreement (hereinafter the "Agreement") between Plaintiff Ariel Fulcher ("Plaintiff") and Defendant Olan Mills, Inc. ("Olan Mills" or "Defendant"), due and adequate notice having been given to putative members of the Settlement Class as required by the Court's Order Granting Preliminary Approval of Class Action Settlement dated December 28, 2011 ("Preliminary Approval Order"), and the Court having considered all the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the proposed Settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing therefore, it is hereby **ORDERED AS FOLLOWS:**

1. All terms used herein and not otherwise defined shall have the same meaning as given in the Agreement.

2. The Court has jurisdiction over the subject matter of this proceeding and over all parties to this proceeding, including all Settlement Class Members.

3. The Court hereby certifies the following Settlement Class for purposes of this settlement only:

> All persons who worked in a California studio as a photographer during any portion of the period of November 29, 2009 through September 30, 2011.

4. Distribution of the Notice of Pendency of Class Action, Proposed Settlement and Proposed Hearing Date for Court Approval and Proof of Claim Form to the putative members of the Settling Class as set forth in the Settlement and confirmed in the Claims Administrator's declaration, has been completed in conformity with the Preliminary Approval Order – including individual notice to all Class Members who could be identified through reasonable effort – and constitutes the best notice practicable under the circumstances. The Court hereby finds that the Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the material terms of the Settlement. The Court also finds that the Notice

1 provided adequate and appropriate notice to all persons entitled to such notice, and
2 therefore fully satisfied the requirements of due process.

3     5.    The Court hereby finds the Settlement was entered into in good faith
4 pursuant to non-collusive, arms-length negotiations, and that Plaintiff has satisfied the
5 standards and applicable requirements for final approval of this class action settlement
6 under Federal Rule of Civil Procedure 23.

7     6.    Upon review of record, particularly the declaration of the Claims
8 Administrator and the Motion for Final Approval, The Court hereby finds that the
9 Settlement is, in all respects, fair, adequate and reasonable, and therefore approves the
10 Settlement.  The Court has come to this determination pursuant to the factors outlined in
11 cases such as *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), including
12 but not limited to consideration of:  the state of the law governing the issues in this case
13 and the plaintiffs' likelihood of success; the amount of the settlement; the sophistication
14 of, and level of information available to, Class Counsel; the level of participation among
15 Class Members; and the lack of objectors, among other factors.

16     7.    The Court directs the parties to effectuate the settlement terms as set forth
17 in the Agreement.  The Court also directs the Claims Administrator to calculate and pay
18 the claims of all Class Members who filed timely claims in accordance with the terms set
19 forth in the Agreement.

20     9.    The Court hereby confirms Norman Blumenthal and Kyle Nordrehaug of
21 Blumenthal, Nordrehaug & Bhowmik as Class Counsel.

22     11.    Pursuant to the terms of the Settlement, and the authorities, evidence, and
23 argument set forth in Class Counsels' application, an award of attorneys' fees in the
24 aggregate amount of twenty-eight three hundred forty-seven dollars and thirty-three cents
25 ($28,347.33) – equivalent to 22% of the total Gross Fund  Value – and for costs and
26 litigation expenses in the aggregate amount of two thousand dollars and no cents
27 ($2,000.00) as final payment for and complete satisfaction of any and all attorneys' fees
28 and costs incurred by and/or owed to Class Counsel is hereby granted.  A payment to the

[PROPOSED] FINAL APPROVAL ORDER

Case No.  3:11-cv-01821-EDL

1  Claims Administrator in the aggregate amount of ten thousand dollars and no cents
2  ($8,000) is similarly granted.  These payments to Class Counsel and the Claims
3  Administrator shall only be made in accordance with the terms set forth in the Settlement.

4      12.   The Court also hereby approves named Plaintiff Ariel Fulcher as Class
5  Representative and grants payment to Plaintiff Fulcher of a Service Award in the
6  aggregate amount of three thousand dollars and no cents ($3,000.00) for his service as
7  Class Representative.  The Service Award shall only be paid in accordance with the terms
8  set forth in the Agreement.

9      13.   The Court also hereby approves the settlement of the California Labor
10 Code § 2699 claims alleged in the Litigation and the allocation of one thousand dollars
11 and no cents ($1,000.00) to be paid to the State of California Labor and Workforce
12 Development Agency in accordance with the terms set forth in the Settlement.

13     14.   As of the Effective Date as defined in the Agreement, all Settlement Class
14 Members' Released Claims are and shall be deemed to be conclusively released as against
15 the Releasees (as defined in the Settlement).  Except as such rights or claims that may be
16 created by the settlement, as of  the Effective Date all Settlement Class Members ware
17 hereby forever barred and enjoined from prosecuting any of the Settlement Class
18 members' Released Claims against any of the Releasees.

19     15.   Neither the Settlement nor any of the terms set forth in the Settlement
20 constitute an admission by Olan Mills, or any of the other Releasees, of liability to the
21 Plaintiff or any Class Member or putative member of the Settlement Class, nor does this
22 Final Approval Order constitute a finding by the Court of the validity of any of the claims
23 alleged by Plaintiff in the Litigation, or of any liability of Olan Mills or any of the other
24 Releasees. This Order, the Agreement, any action taken to carry out the Agreement,  any
25 document referenced to herein or filed in connection herewith, and the exhibits thereto,
26 and any negotiations or proceedings related thereto:  (i) shall not be construed as, or
27 deemed to be evidence of, or an admission or concession with regard to the denials or
28 defenses by Olan Mills; and (ii) shall not be offered in evidence in any action or

[PROPOSED] FINAL APPROVAL ORDER

Case No.  3:11-cv-01821-EDL

proceeding against the Parties in any court, administrative agency, or other tribunal for any purpose whatsoever. Nothing in this paragraph, however, shall be deemed to preclude the parties from introducing this Order, the Agreement and/or exhibits, and any other papers and records on file in the Litigation, to enforce the Agreement and/or any orders of this Court, and/or in any other litigation as evidence of the settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Settlement Class Members' Released Claims.

16. If the Settlement does not become final and effective in accordance with its terms, this Final Approval Order and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

17. Without affecting the finality of the Settlement or the dismissal of this action, this Court shall retain exclusive and continuing jurisdiction over the present action and the Parties, including all Settlement Class Members, for purposes of enforcing and interpreting the Agreement, this Final Approval Order, and the claims process established therein.

18. The above-captioned action is hereby dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: May 9, 2012

Hon. Elizabeth D. Laporte
United States District Court
Magistrate Judge